# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**In re:**

**KRAZ, LLC,**     Bankr. Case No. 8:15-bk-7039-MGW

    Debtor.
_____/

**BRANCH BANKING AND TRUST COMPANY,**

    Appellant,

                                                           Bankr. Adv. No. 8:15-ap-655-MGW

v.

                                                           Case No. 8:17-cv-1555-T-27

**KRAZ, LLC,**

    Appellee.
_____/

## ORDER

**BEFORE THE COURT** is Appellant's Emergency Motion for Stay Pending Appeal (Dkt. 3), which Appellee/Debtor opposes (Dkt. 10). Upon consideration, the motion is **GRANTED**.

Appellant seeks reversal of a Final Judgment of the Bankruptcy Court. (Notice of Appeal, Dkt. 1) (citing 8:15-ap-655-MGW, Dkt. 262). The Final Judgment determined that Appellant was entitled to a secured claim of $3,192,178.52 against Debtor arising from a note secured by real property. (Final Judgment, Dkt. 3, Ex. 3). Appellant asserts that the Bankruptcy Court erred by sustaining Debtor's objections to Appellant's claim for default interest and expenses of $1,126,457.92, and in awarding Debtor damages of $1,180,000 on its breach of contract claim against Appellant. (Emergency Motion, Dkt. 3 at ¶ 6). Appellant moves to stay "both the amount of its allowed secured claim and the damage award to [Debtor]" pending the appeal. (*Id.* at ¶ 3).

Appellant's primary concern is that absent a stay, Debtor would be able to sell the property and pay $3,192,178.52 to satisfy Appellant's secured claim, far short of the $5,498,636.44 Appellant contends its secured claim should be. (*Id.*, Dkt. 3 at ¶ 13) ("[I]f the Final Judgment is not stayed, [Debtor] may sell the property by paying [Appellant] the Net Amount."). The property could therefore be sold and Appellant's secured claim satisfied before Appellant could prevail on appeal. Appellant is concerned that it will not be able to effectively recover the remaining value of its claim from Debtor, even if it prevails on appeal. *See* (*id.*). Debtor's response confirms that it is indeed interested in refinancing or selling the property. (Response, Dkt. 10 at ¶ 2) ("[A] stay while the appeal is pending will cause substantial harm to [Debtor] by further depriving [Debtor] of a certain payoff number so that [Debtor] can sell or refinance its Mini-Storage Facility.").

The Bankruptcy Court denied Appellant's request for a stay after concluding that it had not established the typical four factors for the stay of an appeal. (Order, Dkt. 3, Ex. 1).Those factors are: "1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009). Plaintiff does not argue that it is entitled to a stay pending appeal pursuant to the typical four factors. *See generally* (Emergency Motion to Stay, Dkt. 3).

Appellant argues that Rule 62 of the Federal Rules of Civil Procedure applies, and that Rule 62(d) provides for a stay as of right on posting of a supersedeas bond. Rule 62(d) provides that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay

takes effect when the court approves the bond." Rule 7062 of the Federal Rule of Bankruptcy Procedure applies Rule 62 in adversary proceedings.

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1498 (11th Cir. 1986) (citing *Poplar Grove, Etc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979)). Courts have held that the stay as a matter of right under Rule 62(d) applies only to appeals from money judgments. *See N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam); *Donovan v. Fall River Foundry Co.*, 696 F.2d 524, 527 (7th Cir. 1982). Other courts have declined to definitively limit Rule 62(d) to appeals from money judgments. *See J. Perez & CIA, Inc. v. United States*, 747 F.2d 813, 815 (1st Cir. 1984) ("We need not decide definitely, however, which subsection [Rule 62(c) or Rule 62(d)] applies" to a stay of an appeal from a suspension from the food stamp program, "for the district court possesses adequate power under Rule 62 to require a bond that will protect an enforceable judgment in favor of its winner, and protect the winner from any subsequent harm suffered through appellate delay, whether or not the judgment is monetary in nature." (internal quotation marks and citations omitted)).[1] The Eleventh Circuit has referenced Rule 62(d) in the context of money judgments, but has not definitively addressed the scope of the rule. *See, e.g., Prudential Ins. Co.*, 781 F.2d at 1498 ("It is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor.").

---

[1] *See also Becker v. United States*, 451 U.S. 1306, 1309 (1981) (Rehnquist, J., in chambers) (stating in dicta that "[t]he language of Rule 62(d) seems clear, and the enumerated exceptions do not include tax summons enforcement proceedings"). *But see Herbert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (per curiam) (noting that Rule 62(d) turns "on whether the judgment involved is monetary or nonmonetary, so long as the judgment is not otherwise excepted under Rule 62(a)").

3

Appellant invokes the permissive language of Rule 62(d) and has indicated its willingness to post a supersedeas bond that will fully protect Debtor from any harm suffered as a result of the delay caused by a stay pending appeal. (Emergency Motion, Dkt. 3 at ¶ 11). Debtor counters that the Bankruptcy Court's Final Judgment is not a money judgment, and therefore Rule 62(d) does not apply. (Response, Dkt. 10 at ¶ 14) ("Contrary to [Appellant's] position, the Opinion is not an order to pay money.").[2] As noted, however, the Eleventh Circuit has not definitively held that Rule 62(d) is limited to money judgments, and other courts have declined to limit the rule. *See Prudential Ins. Co.*, 781 F.2d at 1498; *see also J. Perez & CIA*, 747 F.2d at 815. Accordingly, Appellant is entitled to a stay pending appeal, conditioned on the posting of a supersedeas bond.[3]

The amount of the supersedeas bond must be sufficient to protect Debtor from the potential harm it would suffer from a stay. *Prudential Ins. Co.*, 781 F.2d at 1498. The parties acknowledge that Debtor's potential harm includes the delay in its ability to sell the property. Appellant posits that "the damages occasioned by a stay of this final judgment would be the interest on the funds [Debtor] cannot reach as a result of such stay, to wit: . . . $2,304,454.26." (Emergency Motion, Dkt. 3 at ¶ 25).[4] That amount ($2,306,457.92) represent the difference between the amount of the secured claim set by the Final Judgment and what Appellant contends should be the amount of its secured claim.

---

[2] Debtor also argues that Appellant has failed to establish the four traditional factors required for a stay pending appeal. (Response, Dkt. 10 at ¶¶ 16-22). Were Appellant required to establish the four factors for a stay pending appeal in this case, it would not have met its burden because it makes no argument on these grounds. *Nken*, 556 U.S. at 434.

[3] Because Rule 62(d) is not clearly limited to money judgments, there is no need to determine whether the Final Judgment in this case is a monetary judgment. However, the Fifth Circuit's reasoning in *Herbert v. Exxon Corp.* that application of Rule 62(d) turns on whether a judgment is monetary or nonmonteary in nature is persuasive, and suggests that Rule 62(d) would apply to the Bankruptcy Court's Final Judgment. *See* 953 F.2d at 938. The Final Judgment sets amounts for Appellant's secured claim, Debtor's damages from Appellant's breach of contract, and Debtor's monthly payments to Appellant under the bankruptcy reorganization plan. (Final Judgment, Dkt. 3 at Ex. 3).

[4] The correct amount is $2,306,457.92.

That is a starting point, but Appellant's analysis does not consider the value of the property. And while Debtor does not suggest an amount, it did represent to the Bankruptcy Court during the hearing on the motion to stay that the bond amount "ought to be the full amount of the property and in favor of -- [Debtor] for some defined period of time." (Hearing Transcript, Dkt. 3, Ex. 2 at p. 10:14-17). But that statement exaggerates Debtor's potential loss, since Appellant holds a secured interest in the property.

I conclude that the harm Debtor potentially faces if a stay is granted should be the loss of use of the funds Debtor could derive from a sale of the property, specifically the difference between the value of the property and the amount of Appellant's secured claim, as determined by the Final Judgment. The Bankruptcy Court determined that Appellant's secured claim is for $3,192,178.52. While neither party points to any evidence of the property's value, during the hearing before the Bankruptcy Court, Appellant offered $7 million as a hypothetical sale value for the property. (Hearing Transcript, Dkt. 3, Ex. 2 at 6:25, 7:1-8).

Using that value, the difference between the value of the property and Appellant's secured claim is $3,807,821.48, the principal Debtor could realize if the property was sold. Appellant correctly points out that Debtor's potential harm from the delay caused by a stay pending appeal includes loss of interest on the principal it could obtain from a sale. (Emergency Motion, Dkt. 3 at ¶ 25). Appellant suggests that increasing the principal by 10 percent would adequately accommodate for that. (*Id.* at ¶ 11). Adopting that approach, an increase of the principal by 10 percent equals $4,188,603.00, which is the amount of the supersedeas bond Appellant is required to post as a condition of the stay, which I find to be necessary and adequate to provide security to Debtor during

the pendency of the appeal.[5]

Accordingly, **IT IS ORDERED**:

(1) Appellant's Emergency Motion for Stay Pending Appeal (Dkt. 3) is **GRANTED**.

(2) The Final Judgment (8:15-ap-655-MGW, Dkt. 262) is **STAYED** subject to Appellant posting a supersedeas bond with the Clerk of the Court in the amount of $4,188,603.00.

**DONE AND ORDERED** this 6th day of July, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

---

[5] Appellant also makes the argument that the Court should depart from the usual requirement of a supersedeas bond because it has adequately demonstrated that it is sufficiently solvent and able to pay any damages suffered by Debtor as a result of a stay. *See* (Emergency Motion, Dkt. 3 at ¶¶ 26-28) (citing *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1324-25 (M.D. Fla. 2011)). As Appellant acknowledges, such a departure is unusual, and the Court declines to do so.