**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

KRAZ, LLC,                                                      Bankr. No. 8:15-bk-7039-MGW

     Debtor.
_____/

BRANCH BANKING AND TRUST
COMPANY,

     Appellant,

v.
                                                               Case No. 8:17-cv-1555-T-27
KRAZ, LLC,

     Appellee.
_____/

## ORDER

**BEFORE THE COURT** is Appellee Kraz, LLC's Motion for Rehearing (Dkt. 43), and Appellant Branch Banking and Trust Company's Response in Opposition (Dkt. 46). Upon consideration, the motion is **DENIED**.

## BACKGROUND

This appeal stems from Kraz' bankruptcy proceedings and its adversary proceeding against Branch Banking and Trust Company (BB&T). The case history is outlined in the order vacating the bankruptcy court's final judgment. (Dkt. 38). In short, it was determined on appeal that because BB&T's inaccurate estoppel letters did not modify Kraz' contractual obligation to pay post-maturity default interest and Kraz never tendered the balloon payment to BB&T, the bankruptcy

1

court erred in denying BB&T post-maturity default interest. (Dkt. 38 at 6-11). Second, the bankruptcy court erred in finding that res judicata barred BB&T's claim for reimbursement of the advanced property taxes. (Id. at 11-15). Finally, the bankruptcy court lacked authority to enter final judgment on Kraz' breach of contract claim. (Id. at 17-18). Accordingly, the final judgment was vacated, and the matter was remanded for further proceedings. (Id. at 19).

Kraz now seeks a rehearing under Federal Rule of Bankruptcy Procedure 8022, raising several purported errors of law and fact. (Dkt. 43). BB&T responds that a rehearing is unwarranted since Kraz "neither raises new issues supporting rehearing nor identifies manifest error in the Court's application of the law." (Dkt. 46 at 16). Upon review, the motion for rehearing is due to be denied.

## STANDARD

Rule 8022 provides that a motion for rehearing "must state with particularity each point of law or fact that the movant believes the district court . . . has overlooked or misapprehended and must argue in support of the motion." Fed. R. Bankr. P. 8022(a)(2). In ruling on a motion for rehearing, courts apply the same standard as on a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. *See In re Envtl. Techs. Int'l, Inc.*, No. 8:15-ap-786-KRM, 2017 WL 3124246, at *1 (M.D. Fla. July 21, 2017) (collecting cases). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *Anderson v. Fla. Dep't of Envtl. Prot.*, 567 F. App'x 679, 680 (11th Cir. 2014) (citation omitted); *see also Fenello v. Bank of Am., NA*, 577 F. App'x 899, 903 n.7 (11th Cir. 2014) (noting that an "intervening change in controlling law" may warrant reconsideration). Notably, a Rule 59(e) motion cannot be used "to relitigate old matters or raise arguments or present evidence that

could have been raised prior to the entry of judgment." *Anderson*, 567 F. App'x at 680 (citations, internal quotation marks, and brackets omitted).

## DISCUSSION

In support of its motion for rehearing, Kraz contends that this court erred in: (1) applying an incorrect standard of review; (2) determining that Kraz was required to pay default interest, notwithstanding the incorrect estoppel letters; (3) not applying the prevention doctrine to the "facts of this case"; (4) "excus[ing] BB&T's wrongful actions and requir[ing] Kraz to pay default interest," which constitutes "a grave miscarriage of justice and completely emasculates the covenant of good faith and fair dealing"; (5) determining that the bankruptcy court's finding as to prevention was clearly erroneous and "fault[ing] Kraz for not executing a futile contract that BB&T would have rejected"; (6) determining that the bankruptcy court erred in finding that Kraz was prevented from tendering the balloon payment; and (7) finding that res judicata did not preclude BB&T's claim for reimbursement of the paid property taxes. (Dkt. 43). However, as BB&T correctly observes, Kraz' asserted grounds do not warrant a rehearing.

Indeed, Kraz does not present newly discovered evidence or intervening changes in controlling law or point to manifest errors of law or fact. Rather, Kraz seeks to relitigate issues that were already considered, such as the applicability of res judicata and the prevention doctrine, as well as Kraz' contractual obligation to pay post-maturity default interest despite the inaccurate estoppel letters. *See* (Dkt. 43 at 3-6, 10-13); (Dkt. 38 at 6-11, 11-15). This is not a basis for a rehearing.[1] *See Anderson*, 567 F. App'x at 680. And Kraz' arguments relating to the "covenant of

---

[1] As to its obligation to pay default interest, Kraz relies on *Laptopplaza, Inc. v. Wells Fargo Bank, NA*, 276 So. 3d 375 (Fla. 3d DCA 2019), in which the court found that a borrower had a claim against a lender based on an inaccurate estoppel letter. However, as BB&T correctly observes, *Laptopplaza* is distinguishable because the borrower's attempted tender was rejected by the lender. *Id.* at 377; (Dkt. 46 at 11-13). Here, Kraz did not tender the

good faith and fair dealing" and futility could have been raised earlier. (Dkt. 43 at 6-7, 9-10). Last,

as BB&T points out, Kraz' contentions as to the standard of review and purported "independent

finding[s] of fact" are without merit and do not warrant a rehearing. (Id. at 2-3, 9); (Dkt. 46 at 5-

10).[2]

## CONCLUSION

Accordingly, Appellee Kraz, LLC's Motion for Rehearing is **DENIED**. (Dkt. 43)

**DONE AND ORDERED** this 15th day of October, 2020.

/s/ James D. Whittemore

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record, Bankruptcy Court

---

balloon payment. Further, the borrower in *Laptopplaza* alleged that the inaccurate estoppel letter resulted in "consequential damages separate and distinct from [the lender's] claimed entitlement to the fee amount." 276 So. 3d at 379. Indeed, the case does not undermine Florida law entitling a lender to charge default interest if the underlying loan document so provides, despite a failure to provide an accurate estoppel letter. *See Eckert Realty Corp. v. Eckert*, 941 So. 2d 426 (Fla. 4th DCA 2006).

[2] Kraz appears to argue that this court "overlooked" record evidence in its determination that "the bankruptcy court's finding that the only way Kraz could tender the balloon payment would be to either sell or refinance the property has no evidentiary support." (Dkt. 43 at 8); Fed. R. Bankr. P. 8022(a)(2). However, the bankruptcy court made this finding in its memorandum opinion on amount of claim and the findings of fact and conclusions of law without reference to the record. (Dkt. 14-377 at 11); (Dkt. 16-45 at 13). And contrary to its assertions, Kraz does not cite any testimony expressly indicating that the only way for it to tender the balloon payment was to sell or refinance the property. *See* (Dkt. 14-357 at 12-15, 17-19, 25, 32, 34-38); (Dkt. 14-356 at 189).