**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**In re:**

**KRAZ, LLC,**   Bankr. No. 8:15-bk-7039-MGW

    **Debtor.**
_____/

**BRANCH BANKING AND TRUST COMPANY,**

    **Appellant,**

**v.**

    Case No. 8:17-cv-1555-T-27

**KRAZ, LLC,**

    **Appellee.**
_____/

**ORDER**

**BEFORE THE COURT** is Appellant Branch Banking and Trust Company's Motion to Tax Attorney's Fees and Costs (Dkt. 41), and Kraz, LLC's Response (Dkt. 44). Upon consideration, the motion is **DENIED** *without prejudice*.

This appeal stems from Kraz' bankruptcy proceedings and its adversary proceeding against Appellant Branch Banking and Trust Company (BB&T). The case history is outlined in the order vacating the bankruptcy court's final judgment. (Dkt. 38). In short, it was determined on appeal that because BB&T's inaccurate estoppel letters did not modify Kraz' contractual obligation to pay post-maturity default interest and Kraz never tendered the balloon payment to BB&T, the bankruptcy court erred in denying BB&T post-maturity default interest. (Id. at 6-11). Second, the bankruptcy court erred in finding that res judicata barred BB&T's claim for reimbursement of the

1

advanced property taxes. (Id. at 11-15). Finally, the bankruptcy court lacked authority to enter final judgment on Kraz' breach of contract claim. (Id. at 17-18). Accordingly, the final judgment was vacated, and the matter was remanded for further proceedings. (Id. at 19).

BB&T now seeks attorney's fees and costs under Rule 54 of the Federal Rules of Civil Procedure, Rule 8021 of the Federal Rules of Bankruptcy Procedure, Local Rule 4.18, and Fla. Stat. § 57.105. (Dkt. 41). Kraz responds that BB&T "is not entitled to be awarded fees at this time, if at all," and objects to the request for costs. (Dkt. 44 at 1). Upon review, BB&T's request for attorney's fees is, at best, premature, and the request for costs suffers various shortcomings.

*Attorney's Fees*

BB&T contends that it is entitled to attorney's fees and non-taxable costs because "(a) it is undisputed that the subject loan documents between BB&T and Kraz expressly contained attorney's fees and costs provisions; (b) BB&T requested and preserved its entitlement to attorney's fees and costs in its pleadings filed in the bankruptcy case and the adversary case; and (c) BB&T prevailed in the appeal as the Order reversed Counts I and II of the Final Judgment." (Dkt. 41 at 5). Kraz responds that BB&T is not entitled to attorney's fees because "[t]his proceeding is before the Court under bankruptcy appellate, not original, jurisdiction. BB&T is not entitled to attorney's fees under Rule 54(d)(2) because this Court's order vacating the bankruptcy judgment and remanding for further proceedings is not a 'judgment' under that rule. . . . In any event, because this Court has ordered remand, it is too early to declare a prevailing party." (Dkt. 44 at 3-4 (citations omitted)). Kraz is correct that BB&T's request is premature.

Indeed, BB&T does not identify a statutory basis or specific contractual provision that entitles it to attorney's fees based on this matter being remanded to the bankruptcy court for further

2

proceedings. Generally, a party is not entitled to attorney's fees absent express statutory or contractual authority. *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005); *see also Int'l Fid. Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335 (11th Cir. 2018). BB&T's reliance on Rule 54, Fed. R. Civ. P., which requires a movant to "specify the judgment and the statute, rule, or other grounds entitling the movant to the award," is unavailing. *See Morsette v. Brewster*, No. 1:13-CV-11-AT, 2013 WL 12111104, at *2-3 (N.D. Ga. Oct. 31, 2013) (noting that Rule 54 does not entitle a party to attorney's fees). Further, Local Rule 4.18 merely addresses the timing of motions for attorney's fees. *See Royal Surplus Lines Ins. Co. v. Coachmen Indus., Inc.*, 229 F.R.D. 695, 696 (M.D. Fla. 2005). And Rule 8021, Fed. R. Bankr. P., relates to taxable costs, not attorney's fees. *See In re Benham*, 220 F. Supp. 3d 1033, 1042-43 (C.D. Cal. 2016).

Last, BB&T relies on Fla. Stat. § 57.105(7), which provides that "[i]f a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract." However, rather than identify the relevant provision, BB&T asserts without specificity that the "subject loan documents between BB&T and Kraz expressly contained attorney's fees and costs provisions." (Dkt. 41 at 5). And although the note does include a provision that allows for attorney's fees incurred in its enforcement,[1] BB&T does not explain why it is appropriate, at this stage, to award

---

[1] The note provides that

> Maker shall pay all costs incurred by the holder of this Note in enforcing or collecting this Note and enforcing each agreement executed in connection with this Note (including the Mortgage or any other agreement under which real or personal property is pledged as security for this Note), including without limitation all attorneys' fees, costs, and expenses incurred in all matters of interpretation, enforcement, and collection, before, during, and after demand, suit, proceeding, trial, appeal, and post-judgment collection efforts as well as all costs and fees incurred by the holder of this Note in connection with any bankruptcy,

it attorney's fees incurred on appeal under this provision and Fla. Stat. § 57.105(7).[2] Although BB&T notes that it "requested and preserved its entitlement to attorney's fees and costs in its pleadings filed in the bankruptcy case and the adversary case," both cases are ongoing. (Dkt. 41 at 5). Indeed, BB&T has asserted that it "reserves its rights to any additional award of attorney's fees and costs as the prevailing party in this matter as preserved by its pleadings filed in the bankruptcy case and adversary case until such time as any and all issues regarding the finality of the Final Judgment are resolved." (Dkt. 41 at 2). And as Kraz observes, because the matter was remanded for further proceedings, this court's order was not "final" for purposes of an appeal to the Eleventh Circuit. (Dkt. 44 at 3).

Further, "[i]n order to obtain prevailing party fees pursuant to section 57.105(7), the moving party must prove (1) that the contract provides for prevailing party fees, (2) that both the movant and opponent are parties to that contract, and (3) that the movant prevailed." *Harris v. Bank of New York Mellon*, No. 2D17-2555, 2018 WL 6816177, at *2 (Fla. 2d DCA Dec. 28, 2018). It is not clear at this stage whether BB&T is the prevailing party of the bankruptcy proceeding and adversary proceeding. *See Barnes v. Home Equity Mortg. Corp.*, No. 07-61552-CIV, 2008 WL 11399617, at *4 (S.D. Fla. Mar. 24, 2008) (comparing a bankruptcy appeal to an interlocutory

---

reorganization, or similar proceeding (including efforts to obtain relief from any stay) if Maker or any other person or entity liable for the indebtedness represented by this Note becomes involved in any bankruptcy, reorganization, or similar proceeding.

(Dkt. 16-261 at 4).

[2] In Florida, a "contractual attorney's fee provision must be strictly construed." *B & H Constr. & Supply Co., Inc. v. Dist. Bd. of Trustees of Tallahassee Cmty. Coll.*, 542 So. 2d 382, 387 (Fla. 1st DCA 1989). And "if an agreement for one party to pay another party's attorney's fees is to be enforced it must unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable." *Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So. 2d 1114, 1118 (Fla. 4th DCA 1997).

appeal in finding that party who obtained remand on appeal was not entitled to fees under Fla. Stat. § 57.105(7)). Indeed, although the bankruptcy court's final judgment was vacated, the matter was remanded for further proceedings, including resolution of BB&T's reimbursement claim for paid property taxes. Additionally, rather than enter judgment in BB&T's favor on Kraz' breach of contract claim, the bankruptcy court's judgment was vacated.

Accordingly, absent identification of any specific statutory or contractual basis to award attorney's fees based on this matter being remanded for further proceedings, it is inappropriate to award BB&T attorney's fees and non-taxable costs incurred on appeal at this time.[3]

*Taxable Costs*

BB&T seeks taxable costs under Rule 8021, Fed. R. Bankr. P., which provides that

> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
> (2) if a judgment, order, or decree is affirmed, costs are taxed against the appellant;
> (3) if a judgment, order, or decree is reversed, costs are taxed against the appellee;
> (4) if a judgment, order, or decree is affirmed or reversed in part, modified, or vacated, costs are taxed only as the district court . . . orders.

(Dkt. 41 at 5-6).[4] The following costs are "taxable in the bankruptcy court":

> (1) the production of any required copies of a brief, appendix, exhibit, or the record;

---

[3] Moreover, as Kraz observes, BB&T seeks attorney's fees for matters that appear unrelated to this action. (Dkt. 44 at 4-5); (Dkt. 41 at 12-15).

[4] BB&T filed a Notice of Filing Bill of Costs "pursuant to Rule 8021" in the adversary proceeding. *See* Case No. 8:15-ap-655-MGW, ECF: 283. To the extent BB&T contends it is also entitled to costs under Fed. R. Civ. P. 54(d), it is unnecessary to resolve this contention, since Rule 8021 provides for entitlement to costs following a bankruptcy appeal. *See In re Benham*, 220 F. Supp. 3d at 1038 (noting that "Part VIII of the [Fed. R. Bankr. P.] 'govern the procedure in a United States district court . . . on appeal from a judgment, order, or decree of a bankruptcy court.' This includes Fed. R. Bankr. P. 8001 through 8028." (citations omitted)); *In re Manhattan Inv. Fund Ltd.*, 421 B.R. 613, 616 (S.D.N.Y. 2009) (rejecting application of Fed. R. Civ. P. 54(d) and concluding that former Rule 8014 "alone governs the issue at hand"). And BB&T cites no authority supporting its contention that costs may be taxed following a bankruptcy appeal under Fed. R. Civ. P. 54(d).

>	(2) the preparation and transmission of the record;
>	(3) the reporter's transcript, if needed to determine the appeal;
>	(4) premiums paid for a bond or other security to preserve rights pending appeal; and
>	(5) the fee for filing the notice of appeal.

Fed. R. Bankr. P. 8021(c). However, BB&T's bill of costs is inconsistent with the attached itemization and documentation and its motion, which include items that are not provided for by Rule 8021, such as airfare. (Dkt. 42 at 1, 3); (Dkt. 41 at 17). Further, as to the premium paid for a bond, in its motion BB&T listed an "estimated amount of $47,121.00 on the related cost schedule" but includes no such item on its bill of costs. (Dkt. 42 at 1); (Dkt. 41 at 5 n.1, 17). And although BB&T explains that it is "in the process of obtaining the information regarding the premiums paid from the party issuing the subject appellate bond and will supplement this Motion accordingly," (Dkt. 41 at 5 n.1), BB&T has failed to provide supplemental information or cite authority supporting its contention that such estimated costs can be taxed.

In summary, the request to tax costs is due to be denied. Should BB&T decide to refile its motion, it is directed to respond to Kraz' contention that, because this court vacated the bankruptcy court's final judgment, costs are taxed only as this court orders. *See* (Dkt. 44 at 2).

Accordingly, BB&T's Motion to Tax Attorney's Fees and Costs (Dkt. 41) is **DENIED** *without prejudice*.

**DONE AND ORDERED** this 20th day of October, 2020.

/s/ *James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record