UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**In re:**

**KRAZ, LLC,**  Bankr. No. 8:15-bk-7039-MGW

    Debtor.
_____/

**BRANCH BANKING AND TRUST COMPANY,**

    Appellant,

v.  Case No. 8:17-cv-1555-T-27

**KRAZ, LLC,**

    Appellee.
_____/

## ORDER

**BEFORE THE COURT** is Appellant Branch Banking and Trust Company's Motion to Reconsider Order Denying Costs and Renewed Motion to Tax Appellate Costs (Dkt. 53), and Appellee Kraz, LLC's Objection (Dkt. 55). Upon consideration, BB&T's renewed motion to tax appellate costs is **GRANTED**, and its motion for reconsideration is **DENIED as moot**.

This appeal stems from Kraz' bankruptcy proceedings and its adversary proceeding against BB&T. In short, it was determined on appeal that because BB&T's inaccurate estoppel letters did not modify Kraz' contractual obligation to pay post-maturity default interest and Kraz never tendered the balloon payment to BB&T, the bankruptcy court erred in denying BB&T post-maturity default interest. (Dkt. 38 at 6-11). Second, the bankruptcy court erred in finding that res judicata barred BB&T's claim for reimbursement of the advanced property taxes. (Id. at 11-15).

1

Finally, the bankruptcy court lacked authority to enter final judgment on Kraz' breach of contract claim. (Id. at 17-18). Accordingly, the final judgment was vacated, and the matter was remanded for further proceedings. (Id. at 19).

BB&T's initial request for attorney's fees and nontaxable costs incurred on appeal was denied as premature, and its request for taxable costs suffered various shortcomings, including a failure to supplement an estimated cost of a supersedeas bond premium. (Dkts. 41, 49). In its renewed motion, BB&T moves under Fed. R. Bankr. P. 8021(a)(4) to "tax costs against [Kraz] and in favor of [BB&T] in connection with this Appeal, and to the extent necessary to award such relief reconsider its prior order denying an award of costs." (Dkt. 53 at 1). Upon review, BB&T is entitled to taxable costs incurred as a direct result of this appeal under Rule 8021(a)(4).[1]

Rule 8021(a) provides that

> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
> (2) if a judgment, order, or decree is affirmed, costs are taxed against the appellant;
> (3) if a judgment, order, or decree is reversed, costs are taxed against the appellee;
> (4) if a judgment, order, or decree is affirmed or reversed in part, modified, or vacated, costs are taxed only as the district court . . . orders.

The parties agree that because this court's order vacated the bankruptcy court's final judgment, costs are taxed "only as the district court . . . orders." (Dkt. 53 at 2-3); (Dkt. 55 at 2).

---

[1] The denial of BB&T's initial motion, which was brought under Fed. R. Civ. P. 54, Local Rule 4.18, Fed. R. Bankr. P. 8021, and Fla. Stat. § 57.105, was without prejudice. (Dkt. 49). Because BB&T's renewed motion is due to be granted, BB&T's motion for reconsideration of the order is denied as moot. To the extent BB&T seeks reconsideration of the denial of its request for attorney's fees and nontaxable costs, *see* (Dkt. 53 at 7-8), BB&T fails to meet the requirement for reconsideration, and the request is due to be denied. *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.  A motion for reconsideration cannot be used to relitigate old matters . . . ."). Last, because Rule 8021(a)(4) entitles BB&T to taxable costs, it is unnecessary to determine whether BB&T is also entitled to taxable costs under the promissory note. *See* (Dkt. 53 at 7-8).

BB&T reasons that "[t]his appeal was resolved in favor of [BB&T], and this Court should authorize the taxation of costs incurred as a direct result of protecting [its] rights on appeal. This is the intended policy of Bankruptcy Rule 8021 and its predecessor 8014." (Dkt. 53 at 6). Kraz responds that the motion is "premature" because the matter was remanded for further proceedings. (Dkt. 55 at 2). However, Kraz cites no authority supporting the contention that Rule 8021 does not allow costs where an action is remanded for further proceedings or prior to entry of final judgment. Rather, courts have found that, although "issues on remand may mean that the district court's decision is not final for purposes of appellate jurisdiction, the fact that there will not be a 'final decision' until resolution of the factual issues on remand does not bar an award of costs in a bankruptcy appeal." *Konop v. Hawaiian Airlines, Inc.*, No. 05-725 JMS-LEK, 2007 WL 954265, at *3 (D. Haw. Mar. 27, 2007) (citations omitted); *see also In re Ambassador Park Hotel, Ltd.*, 61 B.R. 792, 801 (N.D. Tex. 1986) (taxing costs following remand).

Indeed, awarding BB&T costs under Rule 8021(a)(4) is warranted for several reasons. First, as BB&T observes, all substantive issues raised on appeal were resolved in its favor. Although the matter was remanded for further proceedings, it was determined that the bankruptcy court erred in denying BB&T post-maturity default interest, that res judicata did not bar BB&T's claim for reimbursement of the advanced property taxes, and that the bankruptcy court lacked authority to enter final judgment on Kraz' breach of contract claim and award it $1,180,000 in damages. (Dkt. 38). Accordingly, BB&T prevailed as to the issues raised on appeal, and as the advisory notes to Rule 8021 explain, the rule, which is derived from former Rule 8014 and Fed. R. App. P. 39, "retains the former rule's authorization for taxing appellate costs against the losing party." Fed. R. Bankr. P. 8021, Advisory Committee Notes; *see also In re Benham*, 220 F. Supp.

3

3d 1033, 1042 (C.D. Cal. 2016) (noting that the rule "sets up a presumption that the winner of a bankruptcy appeal should be awarded the costs of the appeal (other than attorney's fees) at the expense of the loser").[2] Similarly, the Eleventh Circuit has taxed costs incurred on appeal under Fed. R. App. P. 39 where a party prevailed on appeal, although the district court's order was vacated and the matter was remanded for further proceedings. *See, e.g.*, *Thomas v. Home Depot USA, Inc.*, 731 F. App'x 889, 894 (11th Cir. 2018); *see also Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 117 F.3d 1328, 1333 (11th Cir. 1997).

Additionally, the costs BB&T seeks are directly related to the appeal and provided for by Rule 8021. Indeed, the following costs are "taxable in the bankruptcy court":

> (1) the production of any required copies of a brief, appendix, exhibit, or the record;
> (2) the preparation and transmission of the record;
> (3) the reporter's transcript, if needed to determine the appeal;
> (4) premiums paid for a bond or other security to preserve rights pending appeal; and
> (5) the fee for filing the notice of appeal.

Fed. R. Bankr. P. 8021(c). In its Amended Bill of Costs, BB&T seeks clerk's fees, fees for the reporter's transcript, and the premium paid for a supersedeas bond. (Dkt. 54 at 3-18). These costs were incurred as a direct result of the appeal, and Kraz does not dispute the requested amounts.[3] *See* (Dkt. 55).

---

[2] Because BB&T prevailed on all issues raised in the appeal, it is plausible that Rule 8021(a)(3) requires costs to be taxed against Kraz, notwithstanding the vacatur of judgment. *See, e.g.*, *City of San Antonio, Texas v. Hotels.com, L.P.*, 959 F.3d 159, 164-65 (5th Cir. 2020) (collecting cases and noting that, notwithstanding vacatur of judgment on appeal, "Parts (1)-(3) of [Fed. R. App. P.] 39(a) apply when there is a clear prevailing party on appeal, regardless of the exact decretal language used by the court of appeals, whereas part (4) applies when there is no clear winner or the results are mixed"). In any event, the parties agree that Rule 8021(a)(4) applies, and costs are warranted under that section.

[3] As to the bond premium, unlike in *Campbell v. Rainbow City, Alabama*, 209 F. App'x 873 (11th Cir. 2006), where the cost was not taxed, here, the supersedeas bond was required by this court to stay the bankruptcy court's final judgment. (Dkts. 3, 11).

4

In summary, an award of taxable costs is appropriate under Rule 8021. Accordingly, BB&T's Renewed Motion to Tax Appellate Costs is **GRANTED** to the extent that, consistent with Fed. R. Bankr. P. 8021, the bankruptcy clerk shall tax the costs in BB&T's Amended Bill of Costs against Kraz, payable to BB&T. (Dkts. 53, 54). BB&T's Motion to Reconsider Order Denying Costs is **DENIED as moot**.

**DONE AND ORDERED** this 23rd day of November, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record, Bankruptcy Court